By the Court, Beardsley, J.
The summons issued in this case had a proper date and return day, and was duly served upon the defendant; and the only question therefore is whether jurisdiction could be acquired by a summons demanding “ one hundred dollars.”
The court which issued the summons was organized in 1822, under an act containing the following among other provisions : “ Such court shall be called 1 The justices’ court in the city of Hudson,’ &c., and shall have jurisdiction in the county of Columbia, to hear, try, and determine, all actions which are now cognizable before any single justice of the. peace in said county, and shall, in all respects, proceed in like manner, except as is otherwise provided by this act.” (Sess. L. of 1822, p. 226, § 3.) The seventh section of the act declares, “ that the forms of the process now adopted and used by single justices of the peace, in the prosecution of suits before them, shall be adopted and used, as near as may be, by the said justices’ court, except that the same shall be made returnable before the said court, by its proper title.” The revised statutes continue the jurisdiction and powers of this court, as they previously existed, and declare that it shall proceed in the manner specially provided by law.” (2 R. S. 224, §§ 4,5; id. 225, § 1.)
When the court was organized-in 1822, the jurisdiction of justices of the peace extended to actions on the case, among others, “ wherein j the balance due, or damages or thing demanded” did not exceed fifty dollars. This jurisdiction was conferred by the act of April 10th, 1818, (Sess. L. of 1818, p. 79, § 1,) which expressly declared that the form of proceedings *633 should be in all respects the same as under the old twenty-five dollar act. (Id. 81, § 12.) By that act, a summons or warrant was required to state, among other things, the plea to be answered by the defendant; in other words, the cause of action for which the suit was brought. (1 II. L. 388, §§ 2, 3.) (a)
The court which rendered the present judgment is one of special and limited powers. It is ¿onfined strictly to the authority given by statute, and can take nothing by implication. Those claiming in virtue of its proceedings must show affirmatively that it had jurisdiction. (Crawford v. Reed, 1 Johns. Cas. 20; Bac. Ab., tit. Courts, (D) pl .1, 3, 4.) It has, as we have seen, no general authority to try actions of trespass on the case without regard to the amount in controversy; but its authority is restricted to cases “ wherein the balance due, or damages or thing demanded” does not exceed fifty dollars. (1 R. L. 387, § 1; Bess. L. of 1818, p. 79, § 1; Sess. L. of 1822, p. 226, §.§ 3,; 7.)
Here, the action mentioned in the summons was trespass on the case; and so far the proceedings are unobjectionable. But the “ damages or thing demanded” amounted to one hundred dollars—a sum for which the court could not render judgment The summons therefore required the defendant to appear and answer to a cause of action beyond the jurisdiction of the court, and was consequently void. The service and return of it imposed no obligation on the defendant to appear, and gave the court no authority to proceed in the suit. Had the defendant appeared and pleaded to a proper declaration, the objection would have been obviated; but as there was no appearance, he has waived nothing.
I do not see how process which claims an amount in damages exceeding the jurisdiction can be lawful, any more than a declaration of that description. Such a declaration would be plainly bad; although where the plaintiff merely describes a *634 demand exceeding in amount the jurisdiction, but claims damages within it, the declaration is good. (Bowditch v. Salisbury, 9 Johns. Rep. 366; Com. Dig. tit. County (C. 8); Bennett v. Ingersoll, 24 Wend. 113.) (b)
Had this summons omitted to state any amount of damages, it might have been sufficient; and in analogy to the plaint, which is the foundation of actions in the various courts of limited jurisdiction in England, it certainly would have been good. (3 Bl. Com. 273; Tomlin's Dict. “Plaint”; Rowlands. Veale, Cowp. Rep. 18.) But this is not a case where the amount for which the action was brought has been omitted in the process. The plaintiff has taken out process by which the defendant was-required to appear and answer to a demand of one hundred-dollars. This process was wholly unauthorized. The court had no authority to entertain such an action, or to require any one to answer such a claim; and the defendant was justified in omitting to notice the mandate. It issued without authority, and imposed no obligation. The court lacked jurisdiction over the cause of-action stated, and none was acquired over the person of the defendant. The original judgment and that of the common pleas should be reversed.
Ordered accordingly.

 The language of the revised statutes prescribing the requisites of a summons and warrant, is substantially the same as that contained in the old twenty-five dollar act. (2 R. S. 228, ’§ 14; id. 229, § 20.)

 See Cowen's Treat. 29, 30, 2d ed., and the cases there cited.